UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELANIE SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>LELAND DUDEK, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 2:24-cv-01842-EFB<br><br>ORDER |

Plaintiff Melanie Smith commenced this Social Security action on July 1, 2024. ECF No. 1. On December 15, 2024, pursuant to the parties' stipulation, the court entered an order remanding the action for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and entered judgment for plaintiff. ECF Nos. 18, 19. Currently pending before the court is plaintiff's motion for an award of attorney fees under the Equal Access to Justice Act ("EAJA") in the amount of $5,099.76. ECF No. 21. Defendant filed a response to the motion, indicating no opposition. ECF No. 22. Having considered the motion, the record in this case, and the applicable law, the court grants the motion.

////

////

////

1

**I.    Legal Standard**

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B)(i). A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 300–01 (1993); *see also Gutierrez*, 274 F.3d at 1257 ("An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded.").

The term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). The reasonability requirement allows the court "in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." *Atkins v. Apfel*, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)). The plaintiff bears the burden to demonstrate that the requested fees are reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). In determining whether a fee is reasonable, the court considers the reasonable hourly rate, the hours expended, and the results obtained. *See Comm'r, INS v. Jean*, 496 U.S. 154, 163 (1990); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Atkins*, 154 F.3d at 988.

Finally, the statute precludes the award of fees and expenses if the position of the United States had been substantially justified or that special circumstances exist to make an award unjust, and the Government bears the burden of making this showing. *Gutierrez*, 274 F.3d at 1258.

////

////

2

## II. ANALYSIS

Plaintiff is entitled to an award of attorney fees under the EAJA. There is no dispute plaintiff is the prevailing party in this litigation, given that the court remanded the matter for further administrative proceedings. *See Gutierrez*, 274 F.3d at 1257. The court previously found plaintiff eligible to proceed in forma pauperis, satisfying the requirement that her net worth did not exceed two million dollars when this action was filed. *See* 28 U.S.C. § 2412(d)(2)(B)(i). Defendant has made no showing that its position was substantially justified or that special circumstances render the award unjust. *See* ECF No. 22; *Gutierrez*, 274 F.3d at 1258; *cf. Sanchez v. Berryhill*, No. 1:16-cv-01081-SKO, 2018 WL 509817, at *2 (E.D. Cal. Jan. 23, 2018) (finding position of the government was not substantially justified in view of the Commissioner's assent to remand); *Knyazhina v. Colvin*, No. 2:12–cv–2726 DAD, 2014 WL 5324302, at *1 (E.D. Cal. Oct. 17, 2014) (finding position of the government not substantially justified where the parties stipulated to a remand of the action to the Commissioner for a new hearing).

The attorney fees plaintiff seeks are reasonable. *See* 28 U.S.C. § 2412(d)(2)(A); *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). Plaintiff seeks a total award of $5,099.76, reflecting 20.25 hours of attorney work at a rate of $251.84. ECF No. 21 at 2-4. The hourly rate requested is reasonable. The EAJA provides that fee awards should be "based upon prevailing market rates for the kind and quality of the services furnished," and that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Ninth Circuit maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for increases in the cost of living, on the Court's website. *See Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005); *Statutory Maximum Rates Under the Equal Access to Justice*, available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited March 7, 2025). Here, plaintiff requests an hourly rate of $251.84, which is the Ninth Circuit's published maximum rate of for work performed in 2024. *See* 28 U.S.C. § 2412(d)(2)(A); *Thangaraja*, 428 F.3d at 876-77; Ninth Circuit Rule 39-1.6. In light of the quality of services rendered by plaintiff's counsel given the complexity of the issues presented in this case, *see* ECF

1  No. 21 at 3-5; and defendant's lack of opposition, *see* ECF No. 22, the undersigned finds the
2  requested rate to be reasonable.

3        The attorney hours for which plaintiff requests fees are also reasonable. Plaintiff has
4  tendered a declaration from counsel detailing his work over 20.25 hours and the work described
5  therein, as well as the time claimed for it, fall well within the limit of what is considered a
6  reasonable expenditure of time in similar cases. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690
7  F.3d 1132, 1136 (9th Cir. 2012) (noting "[m]any district courts have noted that twenty to forty
8  hours is the range most often requested and granted in social security cases") (citing *Patterson v.*
9  *Apfel*, 99 F. Supp. 2d 1212, 1214 n.2 (C.D. Cal. 2000) (collecting district court cases)); *see, e.g.*,
10 *Garcia v. Kijakazi*, No. 1:22-CV-00255-SKO, 2023 WL 4135221, at *2–3 (E.D. Cal. June 22,
11 2023) (finding 41.1 attorney hours reasonable, where case was remanded pursuant to stipulation);
12 *Thompson v. Colvin*, No. 2:12-cv-01850-AC, 2015 WL 1767733, at *2 (E.D. Cal. Apr. 16, 2015)
13 (finding 63.4 hours to be reasonable); *Boulanger v. Astrue*, 2:07-cv-0849-DAD, 2011 WL
14 4971890, at *2 (E.D. Cal. Oct. 19, 2011) (finding 58 hours to be reasonable); *Valleyjo v. Astrue*,
15 No. 2:09-cv-03088 KJN, 2011 WL 4383636, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours
16 to be reasonable).

17       Finally, the favorable results obtained for the plaintiff further renders reasonable the
18 amount requested in attorney fees, as plaintiff obtained the remand she sought in her initial
19 complaint. *See* ECF Nos. 1, 18, 19.

20       For these reasons, the court will award plaintiff EAJA fees in the amount of $5,099.76.

21       Plaintiff's counsel requests payment be paid directly to him, pursuant to an assignment
22 agreement with the plaintiff. ECF No. 21 at 1, 7 & n.1. Under the EAJA, however, an attorney
23 fee award is payable to the litigant and is therefore subject to a government offset to satisfy any
24 pre-existing debt owed to the United States by the claimant. *Astrue v. Ratliff*, 560 U.S. 586, 592-
25 93 (2010). Notwithstanding this, some courts have ordered payment of the award of EAJA fees
26 directly to plaintiff's counsel pursuant to plaintiff's assignment of EAJA fees, provided that the
27 plaintiff has no debt that requires offset. *See Garcia v. Kijakazi*, No. 121CV00427JLTBAM,
28 2022 WL 1538401, at *3 (E.D. Cal. May 16, 2022), *report and recommendation adopted*, No.

121CV00427JLTBAM, 2022 WL 2052692 (E.D. Cal. June 7, 2022); *Blackwell v. Astrue*, No. CIV 08-1454 EFB, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011); *Dorrell v. Astrue*, No. CIV 09-0112 EFB, 2011 WL 976484, at *2-3 (E.D. Cal. Mar. 17, 2011); *Calderon v. Astrue*, No. 1:08-cv-01015 GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010). Accordingly, the court concludes that the EAJA fee award shall be made payable to plaintiff; if, however, plaintiff does not owe a government debt, then the order should not be construed to preclude the payment directly to plaintiff's counsel pursuant to plaintiff's assignment.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for attorneys' fees and expenses under the EAJA (Doc. 21) is GRANTED;

2. Plaintiff is awarded fees in the total amount of $5,099.76 pursuant to the EAJA; and

3. If the government determines that plaintiff does not owe a federal debt that qualifies for offset, then the fee award may be made payable to plaintiff's counsel pursuant to plaintiff's assignment of her interest in the fee award.

IT IS SO ORDERED.

Dated: May 12, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5